1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John S. Purcell (Bar No. 158969)
2  johnpurcell@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Hun Manet

6

7

8           UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| | |
|---|---|
| 11  MEACH SOVANNARA, JAMIE MEACH, individually and on behalf of themselves and their three minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>HUN MANET, Deputy Chief of Staff of the Royal Cambodian Armed Forces, Vice-Commander of the Prime Minister's Bodyguard Unit, and Director of the Anti-Terrorism Department of the Armed Forces; and THE ROYAL KINGDOM OF CAMBODIA, (including but not limited to the Ministry of the Interior,<br><br>Defendants. | CASE NO. 2:16-cv-02436-GW-JC<br><br>**HUN MANET'S NOTICE OF MOTION AND MOTION TO DISMISS OR QUASH SERVICE PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 12(b)(2) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>The Hon. George H. Wu<br><br>Hearing Date: Sept. 1, 2016<br>Hearing Time: 8:30 a.m. |

8

# NOTICE OF MOTION AND MOTION TO DISMISS
# TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 1, 2016, at 8:30 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Judge George H. Wu, located at 312 North Spring Street, Courtroom 10, Los Angeles, California 90012, defendant Hun Manet ("Manet") will appear specially and solely for the purpose of moving to dismiss plaintiffs Meach Sovannara, and Jamie Meach's ("Sovannara") claims against him. This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(5) on the grounds that Sovannara failed to properly serve defendant Manet in a manner legally sufficient to constitute notice of this proceeding, and upon 12(b)(2) on the grounds that this Court does not have personal jurisdiction over Manet.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Hun Manet, and all exhibits attached thereto, and upon such further evidence and argument as may be presented at the hearing on this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7.3 which took place on June 22, 2016.

DATED: July 29, 2016        QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP


                            By _____
                               John S. Purcell
                               Attorneys for Hun Manet

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ I

I. LEGAL STANDARDS ............................................................................................. 1

II. STATEMENT OF FACTS ......................................................................................... 2

III. PLAINTIFFS' CLAIMS MUST BE DISMISSED WITH PREJUDICE BECAUSE MANET WAS NOT PROPERLY SERVED AND IS NOT SUBJECT TO THE JURISDICTION OF THIS COURT ................................. 3

    A. Manet Was Never Served With The Complaint ........................................ 3

    B. Because Manet Was Not Served Within 90 Days This Action Should Be Dismissed Against Him ................................................................ 6

    C. Because Manet Is Not Properly Subject To The Jurisdiction Of This Court This Case Should Be Dismissed With Prejudice .................. 6

        1. Manet is Not Subject to General Jurisdiction in California ......... 6

        2. Manet is Not Subject to Specific Jurisdiction in California ......... 8

CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page**

## Cases

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*,
  223 F.3d 1082 (9th Cir. 2000) .................................................................................. 6

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) .................................................................................... 1

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .................................................................................................. 2

*Cornelison v. Chaney*,
  16 Cal. 3d 143 (Cal.1976) ........................................................................................ 7

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ............................................................................................ 6, 7

*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*,
  557 F.2d 1280 (9th Cir. 1977) .................................................................................. 1

*Doe v. Qi*,
  349 F. Supp. 2d 1258 (N.D. Cal. 2004) .................................................................... 4

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) .................................................................................... 1

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  131 S. Ct. 2846 (2011) .............................................................................................. 2

*Habyarimana v. Kagame*,
  821 F. Supp. 2d 1244 (W.D. Okla. 2011) ................................................................ 4

*Int'l Shoe v. Washington*,
  326 U.S. 310 (1945) .................................................................................................. 1

*J & J Sports Prods., Inc. v. Lim*, No. CV 14-06981 WDK-PLA,
  2015 WL 4366255 (C.D. Cal. July 16, 2015) .......................................................... 1

*Kramer Motors v. British Leyland, Ltd.*,
  628 F.2d 1175 (9th Cir. 1980) .................................................................................. 2

*Lake v. Lake*,
  817 F.2d 1416 (9th Cir. 1987) .................................................................................. 2

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. at 314 .......................................................................................................... 5

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) .................................................................................................. 4

*Ohio Farmers Ins. Co. v. Wagner*,
  No. 1:13 CV 1553, 2013 WL 5739756 (N.D. Ohio Oct. 22, 2013) ................... 4, 5

*Omni Capital Int'l, Ltd. v. Wolff & Co.*,
  484 U.S. 97 (1987) ................................................................................................ 3

*Panavision Int'l, L.P. v. Toeppen*,
  938 F. Supp. 616 (C.D. Cal. 1996), *aff'd*, 141 F.3d 1316 (9th Cir. 1998) ............. 7

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ............................................................................. 1

*Schwarzenegger v. Fred Martin Mot. Co.*,
  374 F.3d 802 ................................................................................................... 2, 8

*Schwarzenegger v. Fred Martin Mot. Co.*,
  374 F.3d 797 (9th Cir. 2004) ............................................................................... 1

*Span Const. & Eng'g, Inc. v. Stephens*, No. CIVF 06-0286 AWIDLB,
  2006 WL 1883391 (E.D. Cal. July 7, 2006) ........................................................ 7

*Stevens v. Sec. Pac. Nat'l Bank*,
  538 F.2d 1387 (9th Cir. 1976) .......................................................................... 1, 4

*Terracom v. Valley Nat'l Bank*,
  49 F.3d 555 (9th Cir. 1995) ................................................................................. 8

*Travelers Cas. & Sur. Co. of Am. v. Brenneke*,
  551 F.3d 1132 (9th Cir. 2009) ............................................................................. 4

*Weiss v. Glemp*,
  792 F. Supp. 215 (S.D.N.Y. 1992) ...................................................................... 4

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ............................................................................................ 2

**Statutes**

Federal Rule of Civil Procedure 4 ................................................................ 1, 4, 5, 6

Federal Rule of Civil Procedure 12(b)(2) ......................................................... 1, 6, 8

Federal Rule of Civil Procedure 12(b)(5) ............................................................. 1, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving the adequacy of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to dismiss the action or quash service. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976); *J & J Sports Prods., Inc. v. Lim,* No. CV 14-06981 WDK-PLA*,* 2015 WL 4366255, at *1 (C.D. Cal. July 16, 2015).

Federal Rule of Civil Procedure 12(b)(2) governs dismissals for lack of personal jurisdiction. It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). A court assessing personal jurisdiction in the context of a Rule 12(b)(2) motion is under no obligation to consider the allegations in a complaint as true and may consider evidence presented in affidavits or by other means. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977).

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Mot. Co.,* 374 F.3d 797, 801 (9th Cir. 2004) (citing *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945)). "Minimum contacts" may be satisfied through either "general jurisdiction" or "specific jurisdiction." *Doe v. Unocal Corp.,* 248 F.3d 915, 924 (9th Cir. 2001). General jurisdiction may only be asserted where the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in

the forum State." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).  Specific jurisdiction exists only where (1) the defendant performed "some act by which it purposely avail[ed] itself of the benefits and protections of forum law" and (2) the plaintiff's cause of action arose from that act.  *Kramer Motors v. British Leyland, Ltd.,* 628 F.2d 1175, 1178 (9th Cir. 1980).

Additionally, for both general and specific personal jurisdiction, the exercise of the court's power must be "reasonable."  *See, e.g., Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (for general personal jurisdiction, "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.") (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980)); *Schwarzenegger,* 374 F.3d 802 (for specific personal jurisdiction, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.") (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)).

## II.   STATEMENT OF FACTS

On April 8, 2016, Plaintiffs filed the instant action (the "Complaint") against General Hun Manet, Deputy Chief of Staff of the Royal Cambodian Armed Forces. The case involves allegations of political persecution, primarily against Manet's *father*, all of which allegedly took place in Cambodia.  (Complaint, ¶¶ 10-20, 76-84.)  Manet is not alleged to have engaged in any wrongdoing in California.  (*Id.*)

Manet has no substantial presence in California, nor does he have any agent authorized to accept service on his behalf here.  ((Declaration of Hun Manet in support of Manet's Motion to Dismiss ¶ 3 ("Manet Decl.").)  Other than noting that Manet graduated from the United States Military Academy in West Point New York in 1999 (Complaint, ¶ 12.), the Complaint does not contend that Manet had any presence in in the United States, let alone California.

Plaintiffs purport to have obtained personal jurisdiction over Manet by serving him with the Complaint on April 9, 2016, when Manet was in Long Beach

California as part of a goodwill tour. Plaintiffs' process server filed an affidavit ("Affidavit of Paul Hayes" or "Hayes Declaration") on July 7, 2016, nearly three months after the purported attempt at service (and six weeks after the affidavit was signed). The declaration itself makes it clear that no actual service occurred. Instead, according to the process server:

> At approximately 8:30 p.m. General Manet approached the entrance of the restaurant. When he was five to ten feet away from me, I extended my left arm with my left hand holding the papers out in his direction, to get the papers close to him and deliver them to him. I called out, "General Manet, General Manet."

(Hayes Decl. ¶ 5.)

The service attempt got no further than these shouts of Manet's name from the crowd. At this point, by the process server's own account, he was tackled from behind "just as I was **about to** complete service," and this "**prevented me** from putting the documents into General Manet's hands." (Hayes Decl. ¶ 6) (emphasis added). Thus, according to plaintiffs' own evidence, Manet was never served (or even informed of the lawsuit) by the process server.

The failure to serve is confirmed by Manet as well. Manet agrees he never received any documents from the process server on April 9. (Manet Decl ¶ 4.) He attended the dinner, and was aware of a disturbance, but never had any contact with the process server. Indeed, Manet learned of this action not from the process server, but from subsequent news reports. To date, Manet has still never been served in this action. (*Id.*)

### III. PLAINTIFFS' CLAIMS MUST BE DISMISSED WITH PREJUDICE BECAUSE MANET WAS NOT PROPERLY SERVED AND IS NOT SUBJECT TO THE JURISDICTION OF THIS COURT

#### A. Manet Was Never Served With The Complaint

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). An individual or entity "is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process."

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999). Insufficient service can result in dismissal under Rule 12(b)(5), or a court may quash service. *Stevens*, 538 F.2d at 1389.

To determine whether service of process was proper, courts look to the requirements of Federal Rule of Civil Procedure 4. "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Under Rule 4(e)(2)(A), at issue here, a plaintiff must "deliver[] a copy of the complaint to the individual personally," which requires a process server to, at the very least, "***clearly communicate intent to serve court documents,*** and make reasonable efforts to leave the papers with the defendant." *See Doe v. Qi*, 349 F. Supp. 2d 1258, 1275 n.5 (N.D. Cal. 2004) (emphasis added). It is not enough to address a defendant and/or extend papers in his direction. *See, e.g. Weiss v. Glemp*, 792 F. Supp. 215 (S.D.N.Y. 1992).

The alleged service here—where Manet never received the papers nor was even informed that he was being sued—falls far short of meeting these requirements. *Weiss* is illustrative. In *Weiss*, the court found that the defendant, a Catholic Cardinal, was purportedly served by a process server who said "you want this for the . . . " before he was cut off and the papers were deflected by a priest who was walking with the defendant. *Id.* at 222. The court held that this was not reasonable notice of a lawsuit and the papers could have as easily been "a petition, a leaflet, a protest, or another non-legal document." *Id.* at 225; *see also Ohio Farmers Ins. Co. v. Wagner*, No. 1:13 CV 1553, 2013 WL 5739756, at *2 (N.D. Ohio Oct. 22, 2013) ("The process server must identify the nature of the papers to the individual she is serving."); *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1250, 1255-56 (W.D. Okla. 2011), aff'd, 696 F.3d 1029 (10th Cir. 2012) (attempt to serve

dignitaries entourage outside of place where he was giving speech not sufficient service).

Here, the process server's declaration makes it clear that no actual service occurred. The declaration states as follows:

> At approximately 8:30 p.m., General Manet approached the entrance of the restaurant. When he was five to ten feet away from me, I extended my left arm, with my left hand holding the papers out in his direction, to get the papers close to him and deliver them to him. I called out, "General Manet, General Manet."

(Hayes Decl. ¶ 5.)

Even according to the process server, no actual service took place—his declaration alleges he was tackled from behind "just as [he] was about to complete service," and that this "prevented [him] from putting the documents into General Manet's hands." (Hayes Decl. ¶ 6.)

Thus, the sole document filed that purportedly establishes "service," also establishes that:

- Manet never received the papers
- Manet was not told he was being sued
- Manet received no explanation of why a man was approaching him

Indeed, the process server acknowleges that all he said was "General Manet, General Manet," which was likely being said by reporters, protesters, well wishers and nearly everyone else in the crowd. Adding to the chaos, Manet was pepper sprayed as he approached the restaurant. (Manet decl. ¶ 5.) He was entirely unaware of a purported process server's presence in the crowd.

This is clearly not the notice required by Rule 4, and does not satisfy due process. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. at 314 (plaintiff's method of service must be "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *Ohio Farmers Ins.*, 2013 WL 5739756, at *2 ("The

process server must identify the nature of the papers to the individual she is serving.").

### B. Because Manet Was Not Served Within 90 Days This Action Should Be Dismissed Against Him

Plaintiffs' failure to serve now requires dismissal under Federal Rule of Civil Procedure 4(m), which requires a plaintiff to serve the summons and complaint within 90 days of the date the complaint was filed. It provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

*Id.*

Plaintiffs filed this case on April 8, 2016. 90 days from this date was July 7. Thus, it has now been more than 90 days since the Complaint was filed, and Plaintiffs have failed to serve Manet. Accordingly, this Court should dismiss the Complaint.

### C. Because Manet Is Not Properly Subject To The Jurisdiction Of This Court This Case Should Be Dismissed With Prejudice

While the Court can technically provide additional time for service instead of ordering dismissal, this would not be appropriate here because Manet is not subject to personal jurisdiction in California.

#### 1. Manet is Not Subject to General Jurisdiction in California

The Complaint should be dismissed as to Manet for lack of personal jurisdiction pursuant to Rule 12(b)(2). As the Supreme Court recently recognized in *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014), "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." The standard for establishing general jurisdiction . . . requires that the defendant's contacts be of the sort that approximate physical presence. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). In other

words, contacts with the state must be so regular as to render the defendant "essentially at home." *Bauman*, 134 S. Ct. at 760-61.

The threshold for exercising general jurisdiction over an individual is high, and will not often be met. *Span Const. & Eng'g, Inc. v. Stephens,* No. CIVF 06-0286 AWIDLB, 2006 WL 1883391, at *3 (E.D. Cal. July 7, 2006). "In case after case, when an individual conducts business that requires their occasional presence in a state, courts have not found sufficient contact for general jurisdiction." *Id.* at *6; *see, e.g., Panavision Int'l, L.P. v. Toeppen*, 938 F. Supp. 616, 620 (C.D. Cal. 1996), *aff'd,* 141 F.3d 1316 (9th Cir. 1998) (defendant not subject to personal jurisdiction in California because he was a non-resident, and only visited twice a year); *Cornelison v. Chaney,* 16 Cal.3d 143, 149 (Cal.1976) (holding no general jurisdiction where "defendant's activity in California consisted of some 20 trips a year into the state over the past 7 years to deliver and obtain goods, an independent contractor relationship with a local broker, and a Public Utilities Commission license.")

There is no question that general jurisdiction over Manet does not lie. As discussed above, Manet is not a resident of California, does not own or lease property in California, and does not regularly conduct business in or visit the state. (Manet Decl. ¶ 3.) In short, Manet's contacts with California are not substantial, continuous or systematic. They certainly do not render Manet "***essentially at home***" in California. *Bauman*, 134 S. Ct. at 760-61 (emphasis added).

Courts have routinely rejected claims of general jurisdiction under circumstances in which the defendant had more substantial contact with the forum than Manet does here. *See, e.g., Panavision Int'l*, 938 F. Supp. at 620 (defendant who visited twice a year not subject to personal jurisdiction in California); *Cornelison*, 16 Cal.3d at 149 (no general jurisdiction where "defendant's activity in California consisted of some 20 trips a year into the state over the past 7 years to deliver and obtain goods, an independent contractor relationship with a local broker,

and a Public Utilities Commission license.*")*; *Span Const,* 2006 WL 1883391, at *3 (E.D. Cal. July 7, 2006).

### 2. Manet is Not Subject to Specific Jurisdiction in California

Specific jurisdiction exists only if (1) Manet "perform[ed] some act by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws," and (2) plaintiffs' causes of action arose from that act. *Schwarzenegger*, 374 F.3d at 802 (citation and internal quotation marks omitted). The purposeful availment standard "requires more than foreseeability of causing injury in another state. Rather, the foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Terracom v. Valley Nat'l Bank*, 49 F. 3d 555, 560 (9th Cir. 1995).

Such is not the case here. The cause of action in this case arises from actions wholly alleged to take place within Cambodia. Manet is not alleged to have done anything in California, and the only conduct on his part alleged to have take place in the United States is his 1999 graduation from West Point. (Complaint, ¶ 12.)

Manet has certainly not purposefully availed himself of the laws of California or the privilege of conducting himself within the state in any way related to this case. Jurisdiction does not lie here and this case should be dismissed with prejudice.

## CONCLUSION

Because Plaintiff failed to serve Manet, this Court should dismiss the Complaint pursuant to Rule 12(b)(5). If the Court does not dismiss, it should nevertheless quash service. It should also dismiss Plaintiff's case pursuant to 12(b)(2) because it has no personal jurisdiction over Manet.

1  DATED: July 29, 2016                QUINN EMANUEL URQUHART &
2                                      SULLIVAN, LLP
3
4
                                       By _____
5                                         John S. Purcell
6                                         Attorney for Hun Manet

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28