NAZARETH M. HAYSBERT [CA SBN 294431]
*nazareth@haysbertmoultrielaw.com*
JAMES L. MOULTRIE III [CA SBN 296805]
*james@haysbertmoultrielaw.com*
**HAYSBERT MOULTRIE, LLP**
555 West Fifth Street, Suite 3145
Los Angeles, California 90013
Tel:   (213) 533-4130
Fax:   (310) 424-7140

MORTON SKLAR [admitted *pro hac vice*]
*mshumanrights@verizon.net*
**STEERING COMMITTEE FOR CAMBODIA**
10800 Keswick Street
Garrett Park, Maryland 20896-0568
Tel:   (301) 946-4649
Fax:   (202) 265-7987

*Attorneys for Plaintiffs Meach Sovannara and Jamie Meach*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEACH SOVANNARA, JAMIE MEACH, individually, and on behalf of themselves and their three minor children, <br><br> Plaintiffs, <br><br> v. <br><br> HUN MANET, Deputy Chief of Staff of the Royal Cambodian Armed Forces, Vice-Commander of the Prime Minister's Bodyguard Unit, and Director of the Anti-Terrorism Department of the Armed Forces; <br><br> and <br><br> THE ROYAL KINGDOM OF CAMBODIA, (including but not limited to the Ministry of Interior) <br><br> Defendants. | Case No. 2:16-cv-02436-GW-JC <br> Hon. George H. Wu <br> Courtroom 9D, 350 West 1st Street <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA** <br><br> [Filed concurrently with Declaration of Morton Sklar] <br><br> Judicial Officer:   Hon. George H. Wu <br> Hearing Date:   May 18, 2017 <br> Time:   8:30 a.m. <br> Courtroom:   9D |

/ / /

/ / /

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE THAT, on May 18, 2017 at 8:30 a.m. in the

3  above-entitled court, Plaintiffs Meach Sovannara and Jamie Meach, and Petitioner

4  Nhay Chamroeun ("Plaintiffs") will and hereby do move this court for an order

5  granting leave to dismiss their Complaint without prejudice so that it can be refiled

6  in the jurisdiction now mandated under federal law, or to transfer it to the federal

7  court of the stipulated jurisdiction, namely the United States District Court for the

8  District of Columbia.

9       This motion is made under authority of Federal Rule of Civil Procedure 41,

10  or under 28 U.S.C. §§ 1404 and 1406, and 28 U.S.C. § 1391(f)(4), and is based on

11  this Notice and Motion, the accompanying Memorandum of Points and

12  Authorities, all papers currently on file with the court in this matter, and any other

13  such evidence as may be allowed at the hearing on this motion.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW COMPLAINT, OR
IN THE ALTERNATIVE, TO TRANSFER COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This motion is made following several email communications by opposing counsel pursuant to Local Rule 7-3 that took place during the course of mutually drafting the Joint Status Report mandated by the Court that was submitted to the Court on April 26, 2017 [Dkt. No. 76], indicating that opposing counsel would not be filing any objection to Plaintiffs' Motion.

Respectfully submitted,

DATED: May 10, 2017       **STEERING COMMITTEE FOR CAMBODIA**

By:    _/s/ Morton Sklar_____
       Morton Sklar, Esq.
       *Pro Hac Vice*

**HAYSBERT MOULTRIE, LLP**

By:    _/s/ Nazareth M. Haysbert_____
       Nazareth M. Haysbert, Esq.
       James L. Moultrie III, Esq.

       *Attorneys for Plaintiffs Meach Sovannara and Jamie Meach*

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW COMPLAINT, OR
IN THE ALTERNATIVE, TO TRANSFER COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      At the Evidentiary Hearing held on April 13, 2017, and in the Court's Final

3  Ruling on Defendant Hun Manet's Motion to Dismiss [Dkt. No. 72], the Court

4  decided to drop Hun Manet as a Party Defendant to the case, based on

5  jurisdictional grounds, including inadequacies in the service of process that was

6  attempted on Defendant Hun Manet on April 9, 2016, while he was physically

7  present in this jurisdiction.

8      Given that Hun Manet has been removed as a Party to the case, the

9  jurisdictional basis for this Court to exercise jurisdiction over the Government of

10  Cambodia no longer exists. Therefore, dismissal or transfer of the Complaint is

11  required under the venue requirements stipulated under federal law (28 U.S.C. §

12  1391(f)(4)) (hereinafter "section 1391(f)(4)").[1] In the interests of justice, it is

13  incumbent upon the Plaintiffs to hereby petition this Court to either dismiss their

14  Complaint without prejudice so that it can be refiled in the jurisdiction now

15  mandated under federal law, or to transfer it to the federal court of the stipulated

16  jurisdiction, namely the United States District Court for the District of Columbia.

17  Given the changed circumstances involving the removal of Hun Manet from the

18  case, dismissal of the Complaint is authorized and permissible under section

19  1391(f)(4), and under the terms of Rule 41(a)(2), permitting dismissal by order of

20  the Court "at the plaintiff's request . . . on terms that the Court considers proper."

21  As Rule 41(a)(2) notes, unless the court orders otherwise, such a dismissal is

22  without prejudice.

23      Plaintiffs also note that since Defendant Hun Manet's counsel indicated in

24  the Joint Status Report filed by the Parties on this matter on April 17, 2017, that he

25  had no objection to the Plaintiffs' Motion to Dismiss given the removal of his

26

27

28

---

[1] Under the terms and Congressionally mandated requirements of 28 U.S.C. § 1391(f)(4), the remaining named Party Defendant in the case, the Government of the Royal Kingdom of Cambodia, as a foreign sovereign government, can only be subjected to lawsuit in the federal courts of the District of Columbia.

1

1    client Hun Manet from the case. Dismissal without prejudice is also authorized
2    under the terms of Rule 41(a)(1)(A)(ii), authorizing voluntary dismissal by the
3    Plaintiff based on a signed stipulation by all "parties who have appeared" in the
4    proceedings.

5    In addition, and as an alternative to dismissal of the case, under the terms of
6    28 U.S.C. §§ 1404 and 1406, Plaintiffs request that the Court transfer the case to
7    the United States District Court for the District of Columbia as it is the only
8    jurisdiction where proper venue over the remaining named Party Defendant
9    properly resides.

10   Section 1404 authorizes transfer of a case, "in the interests of justice" to
11   "any other district or division where it might have been brought . . .."  Application
12   of this statutory provision would seem even more necessary where, as is the case
13   with the present proceedings, changed circumstances in fact have made the district
14   courts for the District of Columbia Circuit the only courts that now have
15   jurisdiction and venue over these proceedings.

16   The provisions of 28 U.S.C. § 1406, would also appear to support the
17   transfer of the case to the district courts of the District of Columbia Circuit, given
18   that the changed circumstances involving the dismissal of Hun Manet as a
19   Defendant have now made the Central District of California "the wrong division or
20   district" with respect to venue requirements, thereby authorizing transfer to a court
21   with the proper venue, in order to "cure" defects in venue or jurisdiction. 28 U.S.C.
22   § 1406(a).

23   The "interests of justice" as specified in 28 U.S.C. § 1404(a) that would be
24   served by authorizing transfer of the remaining portions of the proceedings, in
25   addition to satisfying the very clear venue requirements of 28 U.S.C. § 1391(f)(4)
26   that now apply to the case given dismissal of Defendant Hun Manet, include the
27   fact that the Plaintiffs have already borne the considerable costs of serving process
28   on the remaining Defendant, the Government of Cambodia in the present

2

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW COMPLAINT, OR
IN THE ALTERNATIVE, TO TRANSFER COMPLAINT

proceedings.  These costs, and the timely and difficult process involved in service on a foreign government through diplomatic channels, would have to be duplicated if the case were to be dismissed rather than transferred.  Moreover, the government of Cambodia, through Defendant Hun Manet's counsel, has officially registered its unwillingness to file an answer to the Complaint, or to otherwise contest these proceedings.  The government of Cambodia's refusal to file an answer to the Complaint or to otherwise participate in these proceedings provides greater weight to the Plaintiffs' position that, in "the interests of justice" as stipulated in section 1404, they should not be placed in the position of having to unnecessarily duplicate their past efforts and costs, as would occur if the proceedings were dismissed rather than transferred to the proper venue.

Another factor that would support transfer of the case under the "interests of justice" standard set out in section 1404 is that lead counsel for the Plaintiffs is an active member in good standing of the District of Columbia Bar.  As such, he would be able to continue to provide legal counsel to the Plaintiffs on a pro bono basis, without the Plaintiffs having to pay the additional costs associated with having to pay substantial legal fees to local counsel.

///
///
///
///
///
///
///
///
///
///
///

3

1    Accordingly, Plaintiffs hereby petition the Court to either dismiss their

2  Complaint without prejudice, or to transfer the proceedings to what has now

3  become the only proper venue for the case, the district courts for the District of

4  Columbia Circuit, namely the United States District Court for the District of

5  Columbia.

6                                        Respectfully submitted,

7

8  DATED: May 10, 2017            **STEERING COMMITTEE FOR CAMBODIA**

9                                 By:    ___/s/ Morton Sklar_____

10                                       Morton Sklar, Esq.

11                                       *Pro Hac Vice*

12                                 **HAYSBERT MOULTRIE, LLP**

13

14                                 By:    ___/s/ Nazareth M. Haysbert_____

15                                       Nazareth M. Haysbert, Esq.
                                         James L. Moultrie III, Esq.
16

17                                       *Attorneys for Plaintiffs Meach Sovannara*
                                         *and Jamie Meach*
18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW COMPLAINT, OR
IN THE ALTERNATIVE, TO TRANSFER COMPLAINT